RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0123p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

KEITH RAYMOND; TIMOTHY STRUNK, individually and on behalf of all others similarly situated,

        *Plaintiffs-Appellants*,

        *v.*

AVECTUS HEALTHCARE SOLUTIONS, LLC; MERCY HEALTH,

        *Defendants-Appellees*.

No. 16-4172

---

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 1:15-cv-00559—Michael R. Barrett, District Judge.

Argued: April 27, 2017

Decided and Filed: June 12, 2017

Before: MERRITT, BATCHELDER, and CLAY, Circuit Judges.

---

## COUNSEL

**ARGUED:** Gary F. Franke, GARY F. FRANKE CO. LPA, Cincinnati, Ohio, for Appellants. Ronald D. Holman II, TAFT STETTINIUS & HOLLISTER LLP, Cleveland, Ohio, for Appellee Avectus. Kris M. Dawley, ICE MILLER LLP, Columbus, Ohio, for Appellee Mercy. **ON BRIEF:** Gary F. Franke, Michael D. O'Neill, GARY F. FRANKE CO. LPA, Cincinnati, Ohio, C. David Ewing, EWING & WILLIS, PLLC, Louisville, Kentucky, for Appellants. Ronald D. Holman II, Michael J. Zbiegien, Jr.,TAFT STETTINIUS & HOLLISTER LLP, Cleveland, Ohio, Chad R. Ziepfel, TAFT STETTINIUS & HOLLISTER LLP, Cincinnati, Ohio, for Appellee Avectus. Kris M. Dawley, John P. Gilligan, Mary F. Geswein, ICE MILLER LLP, Columbus, Ohio, for Appellee Mercy.

---

**OPINION**

---

ALICE M. BATCHELDER, Circuit Judge.   Appellants and purported class plaintiffs, Keith Raymond and Timothy Strunk, were injured in separate accidents and were both treated by Appellee Mercy Health.  Even though Raymond and Strunk have health insurance, Mercy Health did not submit their medical bills to their respective health insurance carriers.  Instead, Mercy Health and its debt collector, Appellee Avectus Healthcare Solutions, sought payment from any tort settlement or award Raymond and Strunk would receive.  The district court determined that this conduct did not violate Ohio Revised Code § 1751.60.  Because we disagree, we REVERSE and REMAND for further proceedings not inconsistent with this opinion.

**I.**

In February 2015, Raymond was injured in a slip-and-fall accident, and he received medical treatment at Mercy Health Anderson Hospital.  In June 2013, Strunk was injured in a car accident, and he received medical treatment at Mercy Health Clermont Hospital.  Raymond and Strunk both have health insurance, and each of their health insurance carriers has an agreement with Mercy Health for the provision of services.[1]  Raymond and Strunk provided to Mercy Health all relevant information necessary for the hospital to submit claims for coverage.  Mercy Health, however, did not submit the claims to Raymond's and Strunk's health insurance providers.

Instead, Avectus, on behalf of Mercy Health, sent letters[2] to Raymond's and Strunk's attorneys stating the balance due for medical services and requesting that, in order to prevent collection efforts against their respective clients, the attorneys sign a "letter of protection"

---

[1]Avectus asserts that Raymond and Strunk failed to allege in their complaint that Mercy Health had a contract with their health insurance carriers.  Avectus is incorrect; Raymond and Strunk make that very allegation in paragraph 45 of their complaint.

[2]Avectus and Mercy Health argue that Avectus also sent letters to Raymond and Strunk directly, requesting information about their respective tort claims.  However, reference to these letters is absent from the complaint, and Raymond and Strunk do not rely on them for any of their claims.  Therefore, we do not address these letters further.

against any settlement or judgment.  Both letters also included a place for the relevant attorney's signature and the following language:

> I agree to immediately notify Avectus Healthcare Solutions of any settlement, judgment, or dismissal of this claim and, further, agree to withhold and pay directly to Mercy Health [] the balance of any unpaid charges owed by the above individual on this claim should my firm obtain any settlement or judgment for this patient.

These letters, Raymond and Strunk assert, demonstrate that Mercy Health and Avectus sought compensation from them for their medical expenses, in violation of Ohio Revised Code § 1751.60.  Raymond and Strunk filed suit in the U.S. District Court for the Southern District of Ohio, alleging eight claims, each of which the parties agree depends on Mercy Health and Avectus's violation of § 1751.60.  The district court dismissed the complaint for failure to state a claim, finding that § 1751.60 did not apply and Mercy Health and Avectus did not violate the statute.  This timely appeal followed.

## II.

"We review de novo a district court's decision to grant a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  *Jackson v. Ford Motor Co.*, 842 F.3d 902, 906 (6th Cir. 2016) (citation omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "The defendant has the burden of showing that the plaintiff has failed to state a claim for relief."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

The sole issue on appeal is whether Mercy Health and Avectus's conduct is prohibited by Ohio Revised Code § 1751.60(A).[3]  Section 1751.60(A) states:

> Except as provided for in divisions (E) and (F) of this section, every provider or health care facility that contracts with a health insuring corporation to provide health care services to the health insuring corporation's enrollees or subscribers

---

[3]The parties briefly raise additional arguments regarding dismissal of Raymond's and Strunk's claims.  However, as the district court did not address these arguments in the first instance, such arguments are better suited for review on remand and we do not address them further.

shall seek compensation[4] for covered services solely from the health insuring corporation and not, under any circumstances, from the enrollees or subscribers, except for approved copayments and deductibles.

Ohio Rev. Code Ann. § 1751.60(A).

The Ohio Supreme Court has held that this section "governs providers or health-care facilities, health-insuring corporations, and a health-insuring corporation's insured." *King v. ProMedica Health Sys., Inc.*, 955 N.E.2d 348, 350 (Ohio 2011). The statute does not apply where a healthcare provider seeks compensation for services from a party other than a health-insuring corporation or a health-insuring corporation's insured. *Id.* at 351; *see Hayberg v. Robinson Mem'l Hosp. Found.*, 995 N.E.2d 888, 893 (Ohio Ct. App. 2013) ("[T]he *King* court emphasized that R. C. 1751.60(A) only refers to health-care providers and health insurers . . . R. C. 1751.60(A) is not controlling as to the amount which a hospital can seek to recovery [sic] from an insurer other than the health insurer."). The statute's prohibition on seeking compensation does apply when "a health-care services contract is in place between a provider and a health-insuring corporation" and the provider seeks payment from a "health-insuring corporation's insured." *King*, 955 N.E.2d at 351.

**III.**

That is precisely the circumstance we are presented with in this case. Raymond and Strunk allege that they are insured and that the healthcare provider, Mercy Health, has a contract for services with their respective health-insurance providers. Raymond and Strunk further allege that Mercy Health, through Avectus, by requesting that Raymond's and Strunk's attorneys "withhold and pay directly to Mercy Health [] the balance of any unpaid charges owed" by Raymond and Strunk, "collect[ed] and attempt[ed] to collect monies directly from patients" for healthcare services. Mercy Health and Avectus thus sought payment "from a health-insuring corporation's insured" while in a healthcare services contract with Raymond's and Strunk's health-insurance providers. *See King*, 955 N.E.2d at 351. Therefore, not only does § 1751.60

---

[4] "'Compensation' means remuneration for the provision of health care services, determined on other than a fee-for-service or discounted-fee-for-service basis." Ohio Rev. Code Ann. § 1751.01(F).

apply, but according to the allegations in the complaint, Mercy Health and Avectus's conduct violated the statute.

Mercy Health and Avectus assert that they did not seek compensation from Raymond and Strunk, but attempted to collect the medical bills from the responsible third party. They argue that their conduct is comparable to that of the healthcare providers in *King* and *Hayberg*. But the conduct of Mercy Health and Avectus in this case is markedly different from that of the healthcare providers in *King* and *Hayberg*. In both of those cases, the healthcare providers sought and received payment from third-party insurers who did not have healthcare-services contracts with the providers. *See King*, 955 N.E.2d at 350–51; *Hayberg*, 995 N.E.2d at 893. As the Ohio Supreme Court explained in *King*, payment from a third-party insurer was not "compensation" from King because the payment was a fulfillment of the third-party's "contractual obligation to King to cover her medical costs in the event of an accident," and the healthcare provider received payment from the third-party insurer, not from King. 955 N.E.2d at 350–51. The Ohio Supreme Court therefore concluded that the healthcare provider did not violate § 1751.60 "[b]ecause King was not asked to make any payment for the services she received." *Id.* at 351. In the present case, by contrast, the protection letter seeks to require Raymond's and Strunk's attorneys to withhold funds due to their clients from a tort settlement or judgment and use them to pay the outstanding account balances directly to Mercy Health. Therefore, unlike the healthcare providers in *King* and *Hayberg*, Mercy Health would receive compensation for its medical services from Raymond and Strunk.

Nonetheless, Mercy Health and Avectus assert that payment of the medical bills from a tort settlement or judgment is effectively payment by a third party. Mercy Health and Avectus are incorrect. First, money paid by the tortfeasor to Raymond and Strunk through settlement or judgment in a tort action belongs to Raymond and Strunk.[5] *Cf. Holeton v. Crouse Cartage Co.*,

---

[5]In support of the argument that any tort settlement or judgment proceeds belong to them, Raymond and Strunk cite *Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrecoverable Trust Dated June 27, 2002*, 410 F.3d 304, 317 (6th Cir. 2005), a case addressing whether Medicaid's balance-billing prohibition applied to a healthcare provider seeking partial payment from a tort settlement. This case is inapposite. The Medicaid statute requires a healthcare provider accepting any Medicaid payment to accept such amount as "payment in full." *Id.* at 314–15 (citations omitted). The healthcare provider therefore could not seek additional funds from anyone as no outstanding balance remained. We do not address the *Spectrum* opinion further.

748 N.E.2d 1111, 1119 (Ohio 2001) (stating, in the worker's compensation context, that "the claimant-plaintiff has a constitutionally protected [property] interest in his or her tort recovery"). Therefore, any withholding or payment from settlement or judgment received by Raymond and Strunk is payment from Raymond and Strunk.

Second, Avectus and Mercy Health's reliance on *King* and *Hayberg* in support of their argument that payment from a tort settlement or judgment is effectively payment by a third party is misplaced. Those courts were both presented with the argument that the medical-benefits insurance at issue was an asset belonging to King and Hayberg and that payment from the medical-benefits insurance settlement was essentially payment from King and Hayberg. Both cases, however, avoid the issue, instead finding that payment of medical bills by a third-party insurer was not compensation paid under the pertinent health insurance/healthcare provider contract. In *King*, the Ohio Supreme Court simply found that the third-party insurer's payment "did not equate" to compensation by King. 955 N.E.2d at 350. In *Hayberg*, the court determined that

> this point is irrelevant under the *King* analysis. According to the Supreme Court, R. C. 1751.60(A) only applies when there is a contractual relationship between the hospital and the insurer. Under the undisputed facts of this case, the only contractual relationship was between appellee and the GM plan. Since no contract existed between appellee and Nationwide [the third-party insurer], the statute is simply inapplicable to appellee's separate request for payment from Nationwide.

995 N.E.2d at 893. As discussed above, the present case differs from *King* and *Hayberg*. Unlike the healthcare providers in those cases, Mercy Health and Avectus sought compensation directly from Raymond and Strunk. The case might be very different if Mercy Health and Avectus had billed the responsible tortfeasor or the tortfeasor's insurance company. Instead, Mercy Health and Avectus sought compensation only from Raymond and Strunk.

Moreover, Mercy Health and Avectus seek the balance of any unpaid medical expenses if the relevant attorney "obtain[s] any settlement or judgment." As Raymond and Strunk argue, the healthcare providers do not have an interest in "any" tort settlement or judgment received by Raymond or Strunk. Mercy Health and Avectus certainly do not have a legal interest in a tort settlement or judgment for pain and suffering, lost wages, etc. At best, Mercy Health and

Avectus might assert a claim on a tort settlement or judgment that includes reimbursement for the cost of medical services rendered by Mercy Health. However, even if Mercy Health and Avectus had a legitimate claim on a tort settlement that included reimbursement of medical expenses, they cannot presume that any settlement or judgment amount received by Raymond and Strunk includes such reimbursement. *See State ex rel. Ohio Acad. of Trial Lawyers v. Sheward*, 715 N.E.2d 1062, 1088–90 (Ohio 1999) (finding unconstitutional Ohio Revised Code § 2317.45, which allowed a pre-verdict set-off of collateral benefits, because, absent special jury interrogatories, the court could not assume that the jury's award duplicated any collateral benefit). Mercy Health and Avectus's demand does not account for circumstances when a settlement or judgment lumps together reimbursement for medical expenses and compensation for other categories of damages in a single amount. Therefore, even if Mercy Health and Avectus were not barred from seeking compensation from Raymond and Strunk, they might not have an interest in Raymond's and Strunk's tort recoveries.

**IV.**

The Ohio Supreme Court has narrowly interpreted Ohio Revised Code § 1751.60 to apply only when "a health-care services contract is in place between a provider and a health-insuring corporation" and the provider seeks payment from a "health-insuring corporation's insured." *King*, 955 N.E.2d at 351. That is precisely what Mercy Health and Avectus sought to do in this case. For that reason, we REVERSE and REMAND for further proceedings not inconsistent with this opinion.