KING, APPELLEE, *v.* PROMEDICA HEALTH SYSTEM, INC., ET AL., APPELLANTS.

[Cite as *King v. ProMedica Health Sys., Inc.*,

**129 Ohio St.3d 596, 2011-Ohio-4200.**]

*Insurance—R.C. 1751.60—Automobile-insurance medical benefits—Coordination of multiple health-care-insurance payors.*

(No. 2010-1236—Submitted May 25, 2011—Decided August 30, 2011.)

APPEAL from the Court of Appeals for Lucas County, No. L-09-1282,

2010-Ohio-2578.

_____

**MCGEE BROWN, J.**

{¶ 1} Appellants, ProMedica Health System, Inc., and the Toledo Hospital, appeal from a decision of the Sixth District Court of Appeals finding that pursuant to R.C. 1751.60(A), appellants were statutorily prohibited from billing Virginia King's motor-vehicle insurer, Safeco Insurance Company of Illinois, for the medical treatment rendered to her at the Toledo Hospital.

{¶ 2} We are asked to decide whether R.C. 1751.60(A) prohibits a provider from seeking payment for medical treatment rendered to an insured injured in an automobile accident from the insured's automobile-insurance medical benefits. R.C. 1751.60(A) states that every provider that contracts with a health-insuring corporation to provide health-care services to an insured shall seek payment solely from the corporation. Separately, we also are asked to decide whether R.C. 1751.60(A) conflicts with Ohio's law regarding the coordination of insurance benefits. We hold that R.C. 1751.60(A) applies only when a health-care provider seeks payment from an insured. We also hold, therefore, that R.C. 1751.60(A) does not conflict with Ohio's law on the coordination of insurance benefits. The coordination of multiple health-care-insurance payors is covered

under R.C. 3902.11 et seq. and the rules promulgated pursuant to those statutes. Accordingly, we reverse the judgment of the Sixth District Court of Appeals.

**Background**

{¶ 3} Appellee, Virginia King, was injured in an automobile accident on December 1, 2007, and was treated for her injuries at the Toledo Hospital. King informed the hospital admitting staff that she was covered by Aetna Health, Inc. and provided her health-insurance information to them. It is undisputed that appellants billed King's automobile insurer, Safeco Insurance Company of Illinois, for the services rendered.

{¶ 4} In her complaint, King alleged personal damages and sought a class-action suit pursuant to Civ.R. 23 on behalf of all enrollees or subscribers[1] treated within the ProMedica Health System who were covered by a health-insuring corporation. King raised four causes of action: breach of contract, violation of public policy, violation of various sections of R.C. Chapter 1345 (the Consumer Sales Practices Act), and conversion. Each of these causes of action is based on the claim that the appellants violated R.C. 1751.60(A) by billing the automobile insurer instead of the health-insuring corporation. Appellants filed a motion to dismiss King's complaint for failure to state a claim upon which relief may be granted, pursuant to Civ.R. 12(B)(6).

{¶ 5} The trial court granted appellants' motion to dismiss. The court noted that King had not alleged that appellants sought compensation directly from her, the insured. The trial court found that King's claims, which were all based on a violation of R.C. 1751.60(A), failed.

{¶ 6} King appealed, and the Sixth District Court of Appeals reversed. *King v. ProMedica Health Sys., Inc.*, 6th Dist. No. L-09-1282, 2010-Ohio-2578. The court held that health-care providers that execute preferred-provider

---

1. For purposes of this opinion, we will refer to an "enrollee" and "subscriber" as an "insured."

agreements with health-insuring corporations can bill only the health-insuring corporation subject to the agreement for covered services furnished to their insured and cannot bill any other potential payors. Id. at ¶ 13. Appellants appealed the decision to this court. We granted discretionary jurisdiction to review appellants' second proposition of law. 126 Ohio St.3d 1597, 2010-Ohio-4928, 935 N.E.2d 44.

## Analysis

{¶ 7} We are asked to determine the applicability of R.C. 1751.60(A). Appellants argue that the sole purpose of R.C. 1751.60(A) is to protect an insured patient from being billed for medical services when the health-care provider has contracted with the patient's health-insuring corporation to provide services to the corporation's insured. Appellants contend that the Sixth District misapplied R.C. 1751.60(A) when that court concluded that the statute prohibited appellants from seeking compensation from Safeco, which provided medical benefits as King's automobile insurer. We agree.

{¶ 8} R.C. 1751.60(A) states, "Except as provided for in divisions (E) and (F) of this section, every provider or health care facility that contracts with a health insuring corporation to provide health care services to the health insuring corporation's enrollees or subscribers shall seek compensation for covered services solely from the health insuring corporation and not, under any circumstances, from the enrollees or subscribers, except for approved copayments and deductibles."

{¶ 9} By its express terms, R.C. 1751.60(A) governs providers or health-care facilities, health-insuring corporations, and a health-insuring corporation's insured. The statute is applicable only when there is a contract between a provider and a health-insuring corporation, and the provider seeks compensation for services rendered. The legislature expressed its intent that the provider must

seek compensation solely from the health-insuring corporation and not from the insured.

{¶ 10} It is undisputed that appellants never sought compensation from King. But King argues that her Safeco medical-benefit payments are an asset that belongs to her and that by seeking medical-benefit payments available under the automobile policy, appellants essentially sought compensation from her. King's argument is unpersuasive. Under R.C. 1751.01(G), " '[c]ompensation' means remuneration for the provision of health care services, determined on other than a fee-for-service or discounted-fee-for-service basis." Compensation by Safeco did not equate to compensation by King: by making the payment, Safeco fulfilled its contractual obligation to King to cover her medical costs in the event of an accident. When appellants received payment, they received it from Safeco. Because King was not asked to make any payment for the services she received, appellants did not violate R.C. 1751.60(A).

{¶ 11} King also argues that appellants violated R.C. 1751.60(A) because they sought compensation from Safeco and not Aetna. King contends that the statutory language "shall seek compensation for covered services solely from the health insuring corporation and not, under any circumstances, from the enrollees or subscribers" means that all providers that contract with a health-insuring corporation relinquish their ability to seek compensation from any other parties and can collect payment from only the health-insuring corporation. The Sixth District agreed, finding that providers that execute preferred-provider agreements with health-insuring corporations can bill only the health-insuring corporation subject to the agreement for services furnished to an insured to the exclusion of any and all other potential payors. The Sixth District's reasoning relied on its construction of the word "solely," defining it to mean "to the exclusion of others." 2010-Ohio-2578, at ¶ 12. This interpretation, however, cannot be reconciled with the statute.

**{¶ 12}** R.C. 1751.60(A) has limited application. The statute addresses the contract between a provider and a health-insuring corporation. No other entities are mentioned in the statute. The statutory language allowing a provider to recover "solely from the health insuring corporation and not, under any circumstances, from the enrollees or subscribers" relates only to this contractual relationship. Here, the term "solely" does not have the meaning given to it by the Sixth District. Reading the word in this manner would impermissibly render the phrase "and not, under any circumstances, from the enrollees or subscribers" superfluous. Rather, the word "solely" is part of a phrase that defines the context of the statute; it means, in this context, to the exclusion of a health-insuring corporation's insured. This reading gives full meaning to every word of the statute. Read in context, the statute's language allowing a provider to seek compensation from the health-insuring corporation and not the insured is limited to the situation in which a health-care services contract is in place between a provider and a health-insuring corporation. Therefore, we hold that R.C. 1751.60(A) applies only when a provider seeks payment from a health-insuring corporation's insured with which the provider has entered into a contract.

**{¶ 13}** King's argument that appellants were not entitled to seek the medical-benefit payments is appropriately covered under R.C. 3902.11 et seq. and the rules promulgated pursuant to those statutes. Ohio's coordination-of-benefits laws apply when a provider seeks compensation from multiple insurers who are obligated to pay for health-care services rendered to an insured. R.C. 1751.60(A) concerns only a health-care provider's ability to seek compensation from a health-insuring corporation's insured, where the health-insuring corporation has a contract with the provider, and therefore does not apply to coordination of benefits and does not conflict with R.C. 3902.11.

**{¶ 14}** Appellants did not seek compensation from King. Thus, King fails to show that appellants violated R.C. 1751.60(A).

**Conclusion**

{¶ 15} Because King failed to show that appellants sought compensation from her, she failed to establish a violation of R.C. 1751.60(A). Accordingly, we reverse the court of appeals and reinstate the trial court's order dismissing King's complaint pursuant to Civ.R. 12(B)(6).

Judgment reversed.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting.**

{¶ 16} R.C. 1751.60(A) provides, "[E]very provider or health care facility that contracts with a health insuring corporation to provide health care services to the health insuring corporation's enrollees or subscribers shall seek compensation for covered services solely from the health insuring corporation and not, under any circumstances, from the enrollees or subscribers, except for approved copayments and deductibles."

{¶ 17} "Solely" in R.C. 1751.60(A) means solely. It does not mean "unless you can get paid closer to your top rate through an injured patient's automobile-insurance policy." Applying the usual meaning to the word "solely" does not, as the majority states, render the phrase "and not, under any circumstances, from the enrollees or subscribers" superfluous. This is because of still another phrase, "except for approved copayments and deductibles." Read as a whole, R.C. 1751.60(A) requires providers that have contracted with a health-insurance corporation to seek payment from only the health-insurance corporation, except for copayments and deductibles, which may be billed to enrollees or subscribers.

6

**{¶ 18}** When a patient's other insurance is not dissipated through direct billing by health-care providers, the patient can use that other insurance to pay copayments, deductibles, or for treatment options excluded from the health-insurance corporation's coverage. An automobile-insurance policy that includes medical coverage is an asset of the patient—when a provider seeks compensation from that policy, it seeks compensation from the patient in violation of R.C. 1751.60(A).

_____

Murray & Murray Co., L.P.A., John T. Murray, Leslie O. Murray, and Michael J. Stewart; and Mickel & Huffman and John L. Huffman, for appellees.

Jones Day, Patrick F. McCartan, Marc L. Swartzbaugh, Douglas R. Cole, and Alexis J. Zouhary; and Marshall & Melhorn, L.L.C., Marshall A. Bennett Jr., and Jennifer J. Dawson, for appellants.

Anspach Meeks Ellenberger, L.L.P., Garrick O. White, and Richard F. Ellenberger; and Barry F. Hudgin, urging reversal for amici curiae Mercy Health Partners and Catholic Healthcare Partners.

Bricker & Eckler, L.L.P., Anne Marie Sferra, and Bridget Purdue Riddell, urging reversal for amici curiae Ohio Hospital Association, Ohio State Medical Association, Ohio Osteopathic Association, and Ohio Association of Health Plans.

Arthur, O'Neil, Mertz, Michel & Brown Co., L.P.A., Daniel R. Michel, and Jennifer N. Brown, urging affirmance for amicus curiae Ohio Association for Justice.

_____