[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Laboy v. Grange Indemn. Ins. Co.,* Slip Opinion No. 2015-Ohio-3308.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3308

LABOY ET AL., APPELLEES, *v.* GRANGE INDEMNITY INSURANCE COMPANY ET AL; GRANGE MUTUAL CASUALTY COMPANY, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Laboy v. Grange Indemn. Ins. Co.,* Slip Opinion No. 2015-Ohio-3308.]

*Insurance—Automobiles—Medical-payment coverage—Policy provision that insurer will pay "any negotiated reduced rate accepted by a medical provider" does not obligate insurer to pay reduced rates negotiated by insured's third-party health-insurance provider.*

(No. 2014-0708—Submitted March 24, 2015—Decided August 20, 2015.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 100116, 2014-Ohio-1516.

_____

**LANZINGER, J.**

{¶ 1} The issue in this case is whether language in an automobile insurance policy providing that the insurer will pay "any negotiated reduced rate

accepted by a medical provider" includes the reduced rates negotiated by the insured's third-party health-insurance provider. We hold that it does not.

**Case Background**

{¶ 2} Appellant, Grange Mutual Casualty Company, issued an automobile policy to appellee Philip Laboy as the named insured. As part of Laboy's policy, Grange provided up to $5,000 in medical care for each person injured in any one accident. Appellees Heidi Laboy, Alexandrea Laboy, and Gabrielle Laboy, also insureds under the policy, were involved in an automobile accident on May 23, 2006. The Laboys received medical treatment and submitted some of their bills both to Grange and to their health-insurance provider, Medical Mutual. Grange did not deny any part of the claim for medical expenses. The Laboys did not exhaust their medical-payment coverage, nor did they incur any out-of-pocket expenses.

{¶ 3} The Laboys reached a settlement with the third-party tortfeasor for the May 2006 accident. When Grange exercised its contractual right to subrogation against the Laboys, the Laboys objected, arguing that Grange had overpaid the medical providers. Under Section B of the policy's medical-payments coverage, Grange agreed to pay the lesser of:

"1. reasonable expenses incurred by the insured for necessary medical and funeral services because of bodily injury; or

"2. any negotiated reduced rate accepted by a medical provider."

{¶ 4} For the medicals bills submitted to both Grange and Medical Mutual, the Laboys provided a chart in discovery showing, as an example, that medical providers had billed them $1,535 for services rendered to Heidi and Gabrielle Laboy. They acknowledged that for those services, Grange paid discounted rates to medical providers for reasonable and necessary charges, totaling $1,441.36 in medical expenses. But the Laboys asserted that their own health insurer, Medical Mutual, paid only $648.32 for those same medical

expenses. The Laboys contended that they would have been entitled to an increased settlement of $793.04 because Grange's subrogation claim would have been reduced by that amount if Grange had paid the rates that were available to Medical Mutual.

{¶ 5} The Laboys filed a class-action lawsuit against Grange, alleging claims for breach of contract, breach of good faith and fair dealing, and breach of fiduciary duty.[1] Grange filed a motion for summary judgment. After noting that the Laboys had withdrawn their claim for breach of fiduciary duty, the trial court determined that the only reasonable interpretation of the language "any negotiated reduced rate accepted by a medical provider" in Section (B)(2) was that Grange had to have access to the negotiated rate through its own contract with the medical provider. Because the claim for breach of good faith and fair dealing was contingent on finding a breach of contract, the trial court found that both claims failed as a matter of law and entered summary judgment for Grange.

{¶ 6} The Laboys appealed to the Eighth District Court of Appeals. The appellate court began its analysis by stating that the language in Section (B)(2) is plain and unambiguous. But the court also noted that the disputed language is without qualification and, taken to the extreme, "would apply to rates negotiated on the other side of the globe or to the rate negotiated by someone who perhaps persuades a medical provider to accept less than that provider's normal rate for services." 2014-Ohio-1516, at ¶ 6. Although the Eighth District determined that it would be impossible for Grange to comply with such an absurd interpretation, the court of appeals disagreed with the trial court that Grange's interpretation of the policy was the only reasonable one. The judgment was reversed and the case was remanded for fact-finding to determine whether Grange actually did have

---

[1] The class was never certified.

access to the lower rates provided by the Laboys' healthcare insurer and to ensure that was the most sensible and reasonable interpretation of the policy. *Id.* at ¶ 7-9.

**{¶ 7}** We accepted Grange's discretionary appeal on the following two propositions of law:

"1. An insurer does not breach an obligation to pay negotiated rates for medical care when it has no contractual right to pay those rates.

"2. When a contract is found to be unambiguous, it is error to order further fact finding about its meaning."

**Analysis**

**{¶ 8}** "An insurance policy is a contract whose interpretation is a matter of law." *Sharonville v. Am. Emp. Ins. Co.*, 109 Ohio St.3d 186, 2006-Ohio-2180, 846 N.E.2d 833, ¶ 6. The fundamental goal when interpreting an insurance policy is to ascertain the intent of the parties from a reading of the policy in its entirety and to settle upon a reasonable interpretation of any disputed terms in a manner designed to give the contract its intended effect. *Burris v. Grange Mut. Cos.*, 46 Ohio St.3d 84, 89, 545 N.E.2d 83 (1989). Words and phrases must be given their plain and ordinary meaning "unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph two of the syllabus.

**{¶ 9}** We have held that provisions in an insurance contract that are reasonably susceptible of more than one interpretation will be construed liberally in favor of the insured. *King v. Nationwide Ins. Co.*, 35 Ohio St.3d 208, 519 N.E.2d 1380 (1988), syllabus. *See also Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 13. "This rule, however, will not be applied so as to provide an unreasonable interpretation of the words of the policy." *Cincinnati Ins. Co. v. CPS Holdings, Inc.*, 115 Ohio St.3d 306, 2007-

Ohio-4917, 875 N.E.2d 31, ¶ 8, citing *Morfoot v. Stake*, 174 Ohio St. 506, 190 N.E.2d 573 (1963), paragraph one of the syllabus.

{¶ 10} The single issue here is the meaning of the phrase "any negotiated reduced rate accepted by a medical provider" in Section (B)(2) of the policy. Both the parties and the courts in this case agree that this phrase cannot be interpreted to mean "any negotiated rate anywhere in the world." We agree. But this logical limitation placed on the word "any" does not necessarily mean that the policy is ambiguous. If a reasonable interpretation of the language exists, then we should give the agreement its intended legal effect.

{¶ 11} Grange argues that the only reasonable construction of Section (B)(2) is to read the phrase "any negotiated reduced rate accepted by a medical provider" as meaning a negotiated reduced rate that Grange itself is contractually entitled to pay. A healthcare insurer's negotiated rates are not available to an automobile insurer simply because they both have the same insured. Because Grange is not a party to the contract between Medical Mutual and the different medical providers, it has no right or access to those negotiated reduced rates. Grange did have access to negotiated reduced rates, which it did pay when available, through a contract with ReviewWorks, a medical-bill review company.[2]

{¶ 12} The Laboys disagree that Grange has access only to rates that it negotiates itself or that are negotiated on its behalf via a contract with ReviewWorks. They contend that under Section (B)(2), Grange is contractually obligated to utilize the reduced rates accepted by their health insurer when paying medical expenses. But there is no evidence in the record that the Laboys have an independent right to insist that their medical providers accept from Grange rates that were negotiated by Medical Mutual.

---

[2] Grange has a contract with ReviewWorks. ReviewWorks has a contract with a provider network called PPMO. Under the contract between ReviewWorks and PPMO, clients of ReviewWorks have access to the network's discounted rates.

**{¶ 13}** In fact, our opinion in one tort case arising out of an automobile accident suggests that they have no such right. *See King v. ProMedica Health Sys., Inc.,* 129 Ohio St.3d 596, 2011-Ohio-4200, 955 N.E.2d 348. In *King,* the injured insured objected when the hospital chose to bill her automobile-insurance company for its services rather than her healthcare insurance company, presumably to take advantage of a higher rate of compensation. We held that the hospital's actions did not violate R.C. 1751.60(A) (prohibiting a medical provider from seeking compensation from an insured person when the provider has a contract with the insured's health-insurance company) because the statute did not prohibit the hospital from seeking recovery from entities or insurers other than the healthcare insurer. R.C. 1751.60 is not at issue here, but the principle holds.

**{¶ 14}** The Laboys have "access" to the rates that Medical Mutual has negotiated with medical providers when they submit their medical bills to Medical Mutual for payment pursuant to their healthcare insurance policy. Here, however, they chose to seek payment for some of their medical expenses from Grange in the first instance.

**{¶ 15}** Nonetheless, the Laboys maintain that nothing in the automobile policy prevents Grange from accepting lower rates when the rates are offered without a contract. They state that Grange has reimbursed health-insurance companies if the medical services covered by Grange's policy were initially paid by the health insurer instead of by Grange. But that is not the reality of this case. The Laboys never asked Grange to reimburse Medical Mutual and apparently did not inform Grange that they had submitted some of the same bills to Medical Mutual. Instead, they submitted the bills from their medical providers directly to Grange for payment. And Grange did exactly as the Laboy contract specified, either using the discounted rates it had available for certain providers through its contract with ReviewWorks or paying the reasonable expense for that service.

{¶ 16} Finally, there is no evidence that any of the medical providers offered to accept Medical Mutual's rates from Grange.

{¶ 17} At oral argument, the Laboys asked this court to impose a duty on Grange to ask its insureds whether they have access to better rates through other insurance. But such an obligation does not appear in the contract. We therefore decline to interpret the policy in this manner. Instead, we agree with the trial court that the only reasonable interpretation of the policy's contested language is that "any negotiated reduced rate accepted by a medical provider" means a negotiated reduced rate that Grange is contractually entitled to pay.

### Conclusion

{¶ 18} Under the medical-payments coverage, Grange is obligated to pay the expenses of an insured for medical services related to a bodily injury sustained in an accident. The only reasonable interpretation of Section (B)(2) is that Grange is obliged to pay reduced rates only when such rates have been negotiated between the medical provider and Grange or when the provider is in the preferred-provider network that Grange has access to through its contract with ReviewWorks.

{¶ 19} The judgment of the Eighth District Court of Appeals is reversed, and the judgment of the trial court is reinstated.

Judgment reversed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Connick Law, L.L.C., and Thomas J. Connick; and Cochran & Cochran and Edward W. Cochran, for appellees Phillip and Heidi Laboy.

Baker Hostetler, L.L.P., Mark A. Johnson, Rand L. McClellan, and Michael K. Farrell, for appellant.

_____