KAREN NELSON MOORE, Circuit Judge,
concurring in part and dissenting in part.
I concur with the majority opinion with respect to the settlement agreement between The Lubrizol Corporation (“Lubri-zol”) and United States Fire Insurance Company (“USF”). However, I respectfully dissent from the majority opinion with respect to the settlement agreement between Lubrizol and Orion, Arrowood Indemnity Company’s predecessor in interest.
The root of my dissent is the difference between the two agreements. The Lubri-zol-USF agreement is expansive and clear. It unambiguously releases USF from all claims “whether known or unknown, whether past, present or future, whether asserted or unasserted, ... that Lubrizol has ever had, now has, or may have in the future ... in connection with Environmental Claims arising fi’om the Subject Sites.” R. 50-2 (Lubrizol-USF Settlement Agreement § 4.2) (Page ID #1567-68).
By contrast, The Lubrizol-Orion agreement is not so clear. In that November 21, 1994 agreement, Lubrizol released “all claims that Lubrizol has or could have asserted against Orion ... in connection with ... claims ... which may in the future be made ... against Lubrizol by the United States Environmental Protection Agency ... for environmental liabilities ... arising out of Lubrizol’s alleged acts or omissions as a generator ... of alleged hazardous substances.” R. 47-11 (Lubrizol-Orion Settlement Agreement at 2) (Page ID #1442). Had Lubrizol and Orion not included the first clause of this release, their agreement would be essentially the same as the Lubrizol-USF agreement. That hypothetical agreement would read, “Lubrizol releases all claims which may in the future be made against Lubri-zol by the United States Environmental Protection Agency for environmental liabilities arising out of Lubrizol’s alleged acts or omissions as a generator of alleged hazardous substances.” Such a statement would clearly release future claims that the EPA may bring against Lubrizol.
However, this is not the agreement into which the parties entered. Instead, the parties confusingly added the first clause, which refers to “all claims that Lubrizol has or could have asserted against Orion.” Id. The inclusion of this first clause renders the release as written logically impossible. A company does not presently have a claim against an insurer for a claim that the EPA may make in the future. Nor could a company presently assert a claim against an insurer for a claim that the EPA may make in the future. All the same, Lubrizol could not have had and could not have asserted a claim against Orion on November 21, 1994 for a claim that the EPA might make against Lubrizol after that date. “When this kind of absurdity exists, the court should engage in fact-finding,to give the contract the most sensible and reasonable interpretation.” Laboy v. Grange Indem. Ins. Co., No. 100116, 2014 WL 1408142, at *2 (Ohio Ct. App. Apr. 10, 2014) (citing Kelly v. Med. Life Ins. Co., 31 Ohio St.3d 130, 509 N.E.2d 411 (1987)), rev’d on other grounds, 144 Ohio St.3d 234, 41 N.E.3d 1224 (2015). Therefore, I would reverse the judgment with respect to the Lubrizol-Orion agreement and remand for further proceedings to determine whether the Lubrizol-Orion release applies to claims that the EPA brought after November 21, 1994. I would *851 affirm the district court’s judgment with respect to the Lubrizol-USF agreement.