[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lightning Rod Mut. Ins. Co. v. Southworth,* Slip Opinion No. 2017-Ohio-7438.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-7438

LIGHTNING ROD MUTUAL INSURANCE COMPANY, APPELLEE, *v.* SOUTHWORTH, D.B.A. BOB'S HOME SERVICE, L.L.C., ET AL.; CMH HOMES, INC., D.B.A. LUV HOMES, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lightning Rod Mut. Ins. Co. v. Southworth,* Slip Opinion No. 2017-Ohio-7438.]

*Appeal dismissed as having been improvidently accepted.*

(No. 2016-1116—Submitted June 20, 2017—Decided September 5, 2017.)

APPEAL from the Court of Appeals for Scioto County, No. 15CA3704, 2016-Ohio-3473.

_____

**{¶ 1}** This cause is dismissed as having been improvidently accepted.

O'CONNOR, C.J., and KENNEDY, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., dissents, with an opinion joined by FRENCH, J.

_____

**O'DONNELL, J., dissenting.**

{¶ 2} I respectfully dissent from the majority's decision to resolve this appeal by declaring that it was improvidently accepted.

{¶ 3} CMH Homes, Inc., d.b.a. Luv Homes, presented the following proposition of law, which in my view, raises an important issue that should be decided on the merits:

> A general liability insurance policy that applies to "property damage" that occurs during the policy period is "triggered" by damage during the policy period regardless of whether that damage is the continuation or resumption of damage that first appeared before the policy period as long as that damage was not known to the insured or those persons specifically listed in the policy prior to the inception of the policy.

**Facts and Procedural History**

{¶ 4} In November 2007, Jonathan and Heather Beattie purchased a new manufactured home from CMH that was produced by Skyline Corporation and installed by Bob's Home Service, L.L.C. ("Bob's"). Almost immediately, the Beatties noticed problems with the home, including cracks in the drywall and the ceiling at the marriage line where the two halves of the home were joined together. Beginning in January 2008, CMH and Skyline made attempts to repair the problems, but they persisted, and in June 2012, the Beatties filed suit against Skyline, CMH, and Vanderbilt Mortgage and Finance, Inc., seeking monetary damages and declaratory and injunctive relief in connection with the sale and installation of the home.

{¶ 5} CMH filed a third-party complaint against Bob's alleging that it had breached a contract with CMH by failing to install the home in a manner that met

manufacturer specifications and that it had a duty to indemnify CMH with respect to losses incurred due to the actions of Bob's or its employees. Robert Southworth, a member of Bob's, requested that Lightning Rod Mutual Insurance Co. provide Bob's with a defense in the litigation pursuant to a commercial general liability insurance policy Lightning Rod had issued for the period November 26, 2008, to November 26, 2009, which it renewed annually through November 26, 2012. Lightning Rod assigned counsel to defend Bob's subject to a reservation of rights and filed suit against Southworth, Bob's, and CMH seeking a declaratory judgment that it was not obligated to defend or indemnify Bob's for claims related to the Beatties' home.

{¶ 6} Lightning Rod moved for summary judgment in the declaratory judgment action, and CMH filed a cross motion for summary judgment. The trial court granted Lightning Rod a summary judgment, concluding that Bob's was not entitled to coverage pursuant to the policy because Southworth was the only named insured, the policy excluded coverage for Bob's or Southworth doing business as a limited liability company, "the occurrences happened prior to the * * * policy period," and "defects were discovered within 12 months of the work and were known to Robert Southworth before the issuance" of the policy.

{¶ 7} In affirming, the Fourth District Court of Appeals stated that "at the heart of * * * this appeal is the issue of whether property damage that first occurs prior to the policy period, and continues or reoccurs into the policy period, is sufficient to trigger coverage." 2016-Ohio-3473, 55 N.E.3d 1174, ¶ 25. The appellate court held that the policy was unambiguous and coverage did not exist in those circumstances, so Lightning Rod had no duty to defend or indemnify Southworth or Bob's and the remaining issues raised by CMH, such as its claims that no evidence supported a finding that Southworth knew of the problems at the Beatties' home before purchasing the policy and that the trial court erred by not reforming the policy to include Bob's as a named insured, were moot.

**Positions of the Parties**

{¶ 8} CMH maintains that the appellate court improperly rewrote the policy to apply only to property damage that first occurs during the policy period even though the policy explicitly contemplates coverage for damage that is already in progress when the policy takes effect so long as the insured or a designated employee did not know about the damage before the policy period began. CMH asserts that even if the policy were ambiguous on this point, the ambiguity must be resolved in favor of the insured and consistent with Ohio caselaw that CMH claims recognizes "continuing * * * property damage can 'trigger' multiple policy periods."

{¶ 9} Lightning Rod maintains that the court should dismiss this appeal as having been improvidently accepted because the policy only covers property damage that first occurs during the policy period, not the continuation or recurrence of damage during the policy period that was discovered or manifest before the policy was issued, and CMH misinterprets caselaw on the theory of "continuous trigger." Lightning Rod also asserts that coverage is barred in this case for reasons not addressed by the appellate court, including that Bob's faulty workmanship does not qualify as an occurrence pursuant to the policy.

**Law and Analysis**

{¶ 10} In *Transtar Elec., Inc. v. A.E.M. Elec. Servs. Corp.*, 140 Ohio St.3d 193, 2014-Ohio-3095, 16 N.E.3d 645, this court stated:

> Our review of cases involving a grant of summary judgment is de novo. Summary judgment may be granted only when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) upon viewing the evidence in favor of the nonmoving party, reasonable minds can come to but

4

one conclusion, and that conclusion is adverse to the nonmoving party.

(Citations omitted.) *Id.* at ¶ 8.

{¶ 11} This matter involves the interpretation of an insurance policy, which " 'is a contract whose interpretation is a matter of law.' " *Laboy v. Grange Indemn. Ins. Co.*, 144 Ohio St.3d 234, 2015-Ohio-3308, 41 N.E.3d 1224, ¶ 8, quoting *Sharonville v. Am. Emps. Ins. Co.*, 109 Ohio St.3d 186, 2006-Ohio-2180, 846 N.E.2d 833, ¶ 6. This court has explained:

The fundamental goal when interpreting an insurance policy is to ascertain the intent of the parties from a reading of the policy in its entirety and to settle upon a reasonable interpretation of any disputed terms in a manner designed to give the contract its intended effect. * * * Words and phrases must be given their plain and ordinary meaning "unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph two of the syllabus.

*Laboy* at ¶ 8.

{¶ 12} "Where the terms are clear and unambiguous, a court need not go beyond the plain language of the agreement to determine the rights and obligations of the parties." *In re All Kelley & Ferraro Asbestos Cases*, 104 Ohio St.3d 605, 2004-Ohio-7104, 821 N.E.2d 159, ¶ 29. If a provision is ambiguous, i.e., it is reasonably susceptible of more than one meaning, courts will construe it against the insurance company. *Dominish v. Nationwide Ins. Co.*, 129 Ohio St.3d 466, 2011-Ohio-4102, 953 N.E.2d 820, ¶ 7.

{¶ 13} The Commercial General Liability Coverage Form in the policy states:

**1.      Insuring Agreement**

**a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of * * * "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  * * *

**b.**      This insurance applies to * * * "property damage" only if:

**(1)**      The * * * "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)**      The * * * "property damage" occurs during the policy period; and

**(3)**      Prior to the policy period, no insured * * * and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the * * * "property damage" had occurred, in whole or in part.   If such a listed insured or authorized "employee" knew, prior to the policy period, that the * * * "property damage" occurred, then any continuation, change or resumption of such * * * "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

(Boldface sic.)

6

**{¶ 14}** Regarding the requirement that the property damage occur during the policy period, the policy defines "property damage" to include "[p]hysical injury to tangible property"; however, the policy does not define "occurs." There are several dictionary definitions of the term "occur," including "to present itself: come to pass: take place: HAPPEN" and "to be present or met with: EXIST." (Capitalization sic.) *Webster's Third New International Dictionary* 1561 (2002). Thus, there are at least two possible explanations of property damage occurring during the policy period: physical injury to tangible property either happens during the policy period or exists during the policy period.

**{¶ 15}** If both of these interpretations were reasonable, then the court would have to construe the policy against the insurance company by using the more expansive interpretation requiring only that physical injury to tangible property exists during the policy period. *See Cadet Mfg. Co. v. Am. Ins. Co.*, W.D.Wash. No. C04-5411 FDB, 2006 WL 2105065, *4 (July 26, 2006) (concluding that the term "occurs" in an insurance policy was "fairly susceptible to different, reasonable interpretations," noting "[t]he average person purchasing insurance would construe the policy language to provide indemnity for property damage that exists during the policy period," and resolving the ambiguity in the policy by interpreting the term "occurs" in favor of the insured).

**{¶ 16}** However, to give effect to Section 1(b)(3) of the policy, the only reasonable interpretation of the term "occurs" in this matter is "exists." That section excludes coverage if the insured or an authorized employee knew of the property damage in whole or in part prior to the policy period and provides that if the insured or an authorized employee knew damage occurred prior to the policy period, "then any continuation, change or resumption of such * * * 'property damage' *during * * * the policy period* will be deemed to have been known prior to the policy period." (Emphasis added.) If the policy did not cover a continuation, change, or resumption of preexisting property damage because the damage did not

happen during the policy period, a separate exclusion for such damage based on the knowledge of the insured or an authorized employee would be unnecessary. However, if the policy covers such damage because it exists during the policy period, the exclusion in Section 1(b)(3) would have effect, and " '[i]n construing a written instrument, effect should be given to all of its words, if this can be done by any reasonable interpretation.' " *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.*, 64 Ohio St.3d 657, 666, 597 N.E.2d 1096 (1992), quoting *Wadsworth Coal Co. v. Silver Creek Mining & Ry. Co.*, 40 Ohio St. 559 (1884), paragraph one of the syllabus.

{¶ 17} Accordingly, in my view, the policy provides coverage for property damage that exists during the policy period, including the continuation, change, or resumption during the policy period of damage that began before the policy period so long as the insured or an authorized employee had no knowledge of the damage before the policy period. Thus, the appellate court erred in affirming summary judgment in favor of Lightning Rod *on the basis that* the policy does not cover a continuation or resumption of property damage under any circumstances. However, because the appellate court did not resolve other issues raised by CMH, the matter should be further considered by that court.

**Conclusion**

{¶ 18} For the foregoing reasons, I dissent from the majority's decision to dismiss this appeal as having been improvidently accepted. I would reverse the judgment of the court of appeals and remand the cause to that court to consider the other issues it declared moot.

FRENCH, J., concurs in the foregoing opinion.

_____

Weston Hurd, L.L.P., Ronald A. Rispo, and Robert E. Goff Jr.; and David L. Jarrett, for appellee.

8

Brouse McDowell, L.P.A., Caroline L. Marks, Clair E. Dickinson, Amanda M. Leffler, Lucas M. Blower, and Paul A. Rose, for appellant.

Vorys, Sater, Seymour & Pease, L.L.P., Natalia Steele, and Thomas E. Szykowny, urging affirmance for amicus curiae Ohio Insurance Institute.

Bruns, Connell, Vollmar & Armstrong, L.L.C., and T. Andrew Vollmar, urging affirmance for amicus curiae Ohio Association of Civil Trial Attorneys.

_____