[Cite as *Portage Community Bank v. Fazio*, 2017-Ohio-5774.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**


| | | |
|---|---|---|
| PORTAGE COMMUNITY BANK, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-P-0056** |
| VINCENT FAZIO, JR., et al., | : | |
| Defendants, | : | |
| FAIRMOUNT PROPERTIES, L.L.C., | : | |
| Defendant-Appellee, | : | |
| PUB PROPERTIES, L.L.C., | : | |
| Defendant-Appellant. | : | |


Civil Appeal from the Portage County Court of Common Pleas.
Case No. 2015 CV 00038.

Judgment: Affirmed.


*William D. Lentz,* Lentz, Noble & Heavner, LLC, 228 West Main Street, P.O. Box 248, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Mark S. Fusco* and *David M. Kroh,* Walter & Haverfield, LLP, The Tower at Erieview, 1301 East Ninth Street, Suite 3500, Cleveland, OH 44114 (For Defendant-Appellee).

*Jeffrey J. Fanger* and *John F. McIntyre,* Fanger and Associates LLC, 36 Alpha Park, Highland Heights, OH 44143 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} A notice of appeal was filed on behalf of appellant, Pub Properties, L.L.C., from the August 12, 2016 judgment of the Portage County Court of Common Pleas, which granted appellee, Portage Community Bank's ("PCB"), motion for summary judgment and default judgment and also issued a decree in foreclosure. Although Pub Properties' appellate brief notes it was filed on behalf of other defendants, no notice of appeal was filed for any other defendant-appellant. For the following reasons, the trial court's judgment is affirmed.

{¶2} On January 27, 2006, Vincent Fazio, Jr., who appears to have been an agent of Pub Properties and Pub Acquisition, L.L.C., executed and delivered a note ("Note #1") to PCB in the amount of $472,000 to finance the purchase of commercial real estate. Pub Acquisition signed a guaranty agreement, guaranteeing Fazio's performance of all obligations under the note. Fazio secured payment of the note with a first mortgage on the real property located at 114 Erie St., Kent, Ohio 44240 and 211 Franklin Ave., Kent, Ohio 44240. On May 16, 2006, Fazio transferred his interest in those properties to Pub Acquisition.

{¶3} On March 19, 2010, Pub Acquisition executed and delivered a note ("Note #2") to PCB in the amount of $142,500. Pub Properties signed a guaranty agreement and secured the note by a mortgage deed, conveying to PCB in fee simple the aforementioned real property.

{¶4} On January 16, 2015, PCB filed a complaint in foreclosure, alleging that Fazio and Pub Acquisition had defaulted under the terms of their notes. The complaint named the following parties as defendants: Vincent Fazio, Jr.; unknown spouse of Vincent Fazio, Jr.; Mugs and Jugs Real Estate Co., LLC; Pub Acquisition, L.L.C.; Pub

2

Properties, L.L.C.; Tax Ease Ohio, L.L.C.; Joe Hand Promotions, Inc.; Fairmount Properties, L.L.C.; Bethany Allen; and unknown tenant at 211 Franklin Avenue, Kent, Ohio 44240, later determined to be Club Ramella, L.L.C. The complaint alleged $517,634.49 was owed on Note #1, and $136,109.45 was owed on Note #2.

{¶5} Appellee, Fairmount Properties, L.L.C., filed an answer on February 23, 2015, admitting an interest in the properties subject to foreclosure by virtue of a January 27, 2014 purchase agreement between Fairmount Properties and Pub Properties. Fairmount Properties stated it held an equitable lien against the properties in the amount of $35,000.

{¶6} Pub Properties, Fazio, and Pub Acquisition filed an answer instanter with leave of court on April 7, 2015. They denied default on the notes and asserted the affirmative defenses of failure to state a cause of action and equitable estoppel.

{¶7} On May 4, 2015, Club Ramella filed a motion to dismiss for failure to join a necessary party. The motion stated that Club Ramella was the unknown tenant at 211 Franklin Ave. listed in the complaint. The motion alleged PCB failed to join Fanger Enterprises, LLC, dba Ramella Pizzeria ( "Fanger Enterprises"), a tenant at 114 Erie St., as a party to the action. PCB subsequently filed a motion to join Fanger Enterprises and Club Ramella as parties, which was granted on May 14, 2015.

{¶8} Fanger Enterprises and Club Ramella filed a joint answer on December 3, 2015. They denied the allegations in the complaint and asserted several affirmative defenses, including failure to mitigate damages.

{¶9} PCB filed a motion for summary judgment and default judgment on March 11, 2016. The motion requested summary judgment against Fazio, Pub Properties, and Pub Acquisition. PCB asserted it was the holder of the notes and mortgage deeds, the

3

notes were in default for non-payment, and it was entitled to have the real estate sold and have judgment paid from the proceeds of the sale. PCB attached several exhibits to its motion, including the notes and mortgage agreements and the affidavit of an employee with knowledge about the notes and mortgages at issue. The motion also requested default judgment against the unknown spouse of Vincent Fazio, Jr., Bethany Allen, unknown tenant, and Tax Ease Ohio.

{¶10} Pub Properties, Fazio, and Pub Acquisition did not file a brief in opposition to the summary judgment motion.

{¶11} On May 6, 2016, Fanger Enterprises and Club Ramella filed a response in opposition to PCB's motion for summary judgment. They argued the motion should be denied because of PCB's failure to mitigate damages. They alleged PCB had numerous opportunities to mitigate damages by selling the notes on the subject properties or permitting the sale of the subject properties. The response alleged Jeffrey Fanger and another individual had inquired about purchasing the notes or real properties, but that PCB had refused those offers. Attached to the response was an affidavit from Jeffrey Fanger and copies of e-mails containing the offers to buy the notes or properties and PCB's denials of those offers.

{¶12} PCB filed a reply to Fanger Enterprises and Club Ramella's response in opposition on May 20, 2016. PCB asserted that Fanger Enterprises and Club Ramella, as objecting tenants, were not obligated to PCB on the notes, either as primary obligors or guarantors, and that neither party owned the real estate subject to foreclosure. PCB argued, therefore, that failure to mitigate damages was not an appropriate defense for Fanger Enterprises and Club Ramella to raise.

4

{¶13} The trial court entered judgment on August 12, 2016, granting PCB's motion for summary judgment and default judgment. The judgment also granted a decree in foreclosure. The court rendered judgment in favor of PCB against Pub Properties in the amount of $517,634.49, plus interest; and against Pub Properties and Pub Acquisition, jointly and severally, in the amount of $136,109.45, plus interest, and $41,019.60 for advancements of funds to satisfy tax liens, reasonable attorney fees, costs of the title examinations and update, and other costs under its notes and security agreement. No personal judgment was rendered against Fazio because he was granted a discharge in Chapter 7 Bankruptcy on November 10, 2015.

{¶14} Pub Properties filed a timely notice of appeal from the August 12, 2016 judgment on September 9, 2016. On the same date, Pub Properties filed a motion for reconsideration and to set aside the court's August 12, 2016 judgment in the trial court.

{¶15} On October 31, 2016, in this court, Pub Properties filed a motion to remand for a ruling on the motion for reconsideration. This court granted Pub Properties' motion to remand, construing the motion for reconsideration as a Civ.R. 60(B) motion to vacate a final judgment. On remand, the trial court also construed the motion for reconsideration as a Civ.R. 60(B) motion. The trial court denied the motion on December 14, 2016.

{¶16} On appeal, Pub Properties asserts two assignments of error:

[1.] The trial court committed prejudicial error in granting Plaintiff-Appellee, Portage Community Bank's motion for summary judgment, motion for default judgment and decree in foreclosure as genuine issues of material fact existed regarding Plaintiff-Appellee Portage Community Bank's failure to mitigate its damages precluding the granting of summary judgment.

[2.] The trial court committed prejudicial error on remand in denying Defendant-Appellant Pub Properties, LLC's motion for

5

reconsideration, which it considered as a Civ. Rule 60(B) motion, as Defendant-Appellant demonstrated the existence of a meritorious defense, that Defendant-Appellant Pub Properties, LLC was entitled to relief under multiple sections of Civ. Rule 60(B)(1)-(5) and the motion was timely filed.

{¶17} Pursuant to R.C. 2505.22 and Local Rule 16(C), Fairmount Properties has assigned two cross-assignments of error:

[1.] The trial court by denying Defendant-Appellant Pub Properties, LLC's Motion for Reconsideration, it must be presumed that by issuing the final judgment, the trial court exhibited its intent to completely dispose of the case, including all pending motions and thus specifically overruling Pub Properties' Motion for Leave to File an Amended Answer and Crossclaim.

[2.] The Court of Appeal should disregard any and all errors not assigned and separately argued in the brief by the Defendant-Appellant Pub Properties, LLC.

{¶18} In its first assignment of error, Pub Properties argues the trial court committed error in granting PCB's motion for summary judgment when Pub Properties, Fanger Enterprises, and Club Ramella demonstrated a genuine issue of material fact regarding PCB's failure to mitigate damages. In response, PCB asserts Pub Properties waived the defense of failure to mitigate damages when it failed to include it as an affirmative defense in its pleadings. PCB further asserts that Pub Properties failed to file a brief in opposition to the motion for summary judgment. PCB argues Pub Properties cannot rely on Fanger Enterprises and Club Ramella's affirmative defense and response in opposition to summary judgment because neither Fanger Enterprises nor Club Ramella own the properties at issue.

{¶19} Summary judgment is proper when

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most

6

strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C).

**{¶20}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court [e.g., pleadings, depositions, answers to interrogatories, etc.] which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996), citing Civ.R. 56(C) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). If the moving party satisfies this burden, the nonmoving party has the burden to provide evidence demonstrating a genuine issue of material fact, pursuant to Civ.R. 56(E). *Id.* at 293.

**{¶21}** On appeal, we review a trial court's entry of summary judgment de novo, i.e., "independently and without deference to the trial court's determination." *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist.1993) (citation omitted); *see also Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

**{¶22}** Failure to mitigate damages is an affirmative defense that is waived if it is not raised in a party's pleading. *Windsor v. Riback*, 11th Dist. Geauga Nos. 2007-G-2775 & 2007-G-2781, 2008-Ohio-2005, ¶57. Pub Properties therefore waived the affirmative defense of failure to mitigate damages because it was not raised in Pub Properties' answer.

**{¶23}** Furthermore, Pub Properties cannot rely on Fanger Enterprises and Club Ramella's affirmative defenses and response in opposition to summary judgment. Fanger Enterprises and Club Ramella were named as parties in the foreclosure action because they were tenants occupying the properties subject to foreclosure. As tenants,

7

they had an interest in the property and were considered necessary parties. *See Hembree v. Mid-America Fed. S. & L. Assn.*, 64 Ohio App.3d 144, 152 (2d Dist.1989) (the holder of a right or interest in the property that attached subsequent to the mortgage is a "necessary party" in order to foreclose and convey his right or interest). However, Fanger Enterprises and Club Ramella could not assert an affirmative defense to PCB's claim that Pub Properties defaulted on the notes because Fanger Enterprises and Club Ramella were not parties to the notes or mortgage agreements between Pub Properties and PCB.

{¶24} "'Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio.'" *Citimortgage, Inc. v. Carpenter*, 2d Dist. Montgomery No. 24741, 2012-Ohio-1428, ¶14, quoting *Grant Thornton v. Windsor House, Inc.*, 57 Ohio St.3d 158, 161 (1991). As the Second Appellate District explained generally about affirmative defenses in contract actions,

> [a]n affirmative defense, like a cause of action, is a claim of right. In a cause of action, the claim of right is a claim to relief; in an affirmative defense, the claim of right is the avoidance of liability under another's claim to relief. It follows then, that a party seeking to assert an affirmative defense under a contract must either be a party to the contract or an intended third-party beneficiary of a contract.

*Id.* at ¶15.

{¶25} Here, Fanger Enterprises and Club Ramella were not parties to or third-party beneficiaries of the notes or mortgage agreements with PCB. Additionally, Fanger Enterprises and Club Ramella were not liable to PCB on the notes when Pub Properties defaulted. Therefore, Fanger Enterprises and Club Ramella could not raise a defense to liability where it was never alleged that Fanger Enterprises and Club Ramella were liable on the notes. Pub Properties failed to assert the affirmative defense of failure to

mitigate damages and failed to file a brief in opposition to PCB's motion to summary judgment. It cannot now rely on the fact that two parties not liable on the notes raised the affirmative defense.

{¶26} Pub Properties' first assignment of error is without merit.

{¶27} In its second assignment of error, Pub Properties argues the trial court erred in denying its motion for reconsideration, construed as a Civ.R. 60(B) motion, because Pub Properties met the requirements of Civ.R. 60(B) under *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. PCB asserts that any argument with regard to the Civ.R. 60(B) motion is not properly before this court because Pub Properties has not filed a timely appeal from the trial court's December 14, 2016 judgment entry, which denied that motion.

{¶28} In order for an appeal to be timely, a party must file a notice of appeal within 30 days of the entry of judgment. App.R. 4(A)(1). If an appellant fails to file a notice of appeal within 30 days from the entry of judgment, then the appeal from that order is untimely and is a jurisdictional bar to review in an appellate court. *See* App.R. 3(A).

{¶29} Here, Pub Properties initially filed an appeal from the trial court's August 12, 2016 judgment, granting PCB's motion for summary judgment. Subsequently, Pub Properties filed a motion for reconsideration, construed as a Civ.R. 60(B) motion, in the trial court. The trial court was able to consider that motion while the initial appeal was pending because the matter was remanded by this court. *See Howard v. Catholic Social Services*, 70 Ohio St.3d 141, 147 (1994) (citations omitted) (an appeal divests the trial court of its jurisdiction to consider a Civ.R. 60(B) motion unless the reviewing court confers jurisdiction by remanding the matter to the trial court for consideration

9

while the appeal is pending). The trial court's December 14, 2016 judgment denying the Civ.R. 60(B) motion was a final, appealable order. *See Colley v. Bazell*, 64 Ohio St.2d 243, 245 (1980) ("it is well settled that a judgment denying a motion for relief from judgment filed pursuant to Civ.R. 60(B) is itself a final appealable order"). Pub Properties failed to timely appeal from that judgment. Therefore, any arguments pertaining to the trial court's denial of the Civ.R. 60(B) motion are not properly before this court.

**{¶30}** Pub Properties' second assignment of error is overruled.

**{¶31}** The judgment of the Portage County Court of Common Pleas is affirmed. Pursuant to R.C. 2505.22, because we have affirmed the trial court's judgment we will not address the cross-assignments of error raised by Fairmount Properties. *See Hicks v. Cadle Co.*, 11th Dist. Trumbull No. 2014-T-0103, 2016-Ohio-4728, ¶32.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.