[Cite as *Jordan v. United Ohio Ins. Co.*, 2021-Ohio-2170.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

GARY JORDAN, ET AL.,

    PLAINTIFFS-APPELLANTS,           CASE NO. 13-20-23

    v.

UNITED OHIO INSURANCE COMPANY,

                                 **O P I N I O N**

    DEFENDANT-APPELLEE.

---

Appeal from Seneca County Common Pleas Court

Trial Court No. 20-CV-0006

**Judgment Reversed and Cause Remanded**

Date of Decision: June 28, 2021

---

APPEARANCES:

    *James W. Fruth* **for Appellant**

    *Matthew R. Planey* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Plaintiffs-appellants, Gary Jordan ("Gary") and Margaret Jordan ("Margaret") (collectively, "the Jordans"), appeal the November 17, 2020 judgment of the Seneca County Court of Common Pleas granting summary judgment in favor of defendant-appellee, United Ohio Insurance Company ("United Ohio"). For the reasons that follow, we reverse.

{¶2} This case stems from an insurance policy that United Ohio issued the Jordans for coverage of a rental property. Following a fire at the rental property, the Jordans submitted a claim under the policy seeking payment for property damage and lost rental income. Although connected, the property-damage claim was resolved prior to the filing of the complaint. However, the Jordans' lost-rental-income claim remained unsettled.

{¶3} Accordingly, on January 7, 2020, the Jordans filed a complaint for declaratory judgment under R.C. Chapter 2721 and breach of contract as to their lost-rental-income-insurance claim. (Doc. No. 2). United Ohio filed an answer on February 3, 2020. (Doc. No. 4).

{¶4} On September 16, 2020, United Ohio filed a motion for summary judgment in which it argued that there is no genuine issue of material fact that the Jordans are "entitled to three months of lost rents under the clear and unambiguous terms of the Policy" and because there is no genuine issue of material fact that the

Jordans "failed to mitigate their damages and comply with the terms of the Policy." (Doc. No. 10). On October 1, 2020, the Jordans filed a memorandum in opposition to United Ohio's motion for summary judgment in which they argued that summary judgment is improper because "United Ohio's actions served to intensify the damages the Jordans have suffered" "[b]etween the delay occasioned by United Ohio's adjustor's specific instructions, as well as the decision of United Ohio to demand Court involvement with the selection of an independent umpire * * * ." (Doc. No. 12).

{¶5} On November 17, 2020, the trial court granted summary judgment in favor of United Ohio after concluding that no genuine issue of material fact remained that United Ohio did not breach its policy with the Jordans and that there is no genuine issue of material fact that the Jordans are "barred under Ohio law due to [their] failure to mitigate their damages and to satisfy their obligations under the Policy." (Doc. No. 15).

{¶6} On December 9, 2020, the Jordans filed a notice of appeal. (Doc. No. 16). They raise one assignment of error for our review.

**Assignment of Error**

**The Trial Court Abused its Discretion in Holding That There Were No Genuine Issues of Material Fact and That the Defendant Met the Standard for Summary Judgment.**

{¶7} In their assignment of error, the Jordans argue that the trial court erred by granting summary judgment in favor of United Ohio because there is a genuine issue of material fact they are entitled to lost rental income, plus charges and expenses, that continued while the insured premises was unfit for use. Specifically, the Jordans argue that there is a genuine issue of material fact that "United Ohio's actions served to increase and aggravate the Jordan's damages" and that summary judgment is precluded on "issues and disputes involving mitigation * * * ." (Appellant's Brief at 9-10).

*Standard of Review*

{¶8} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25, citing *Costner Consulting Co. v. U.S. Bancorp*, 195 Ohio App.3d 477, 2011-Ohio-3822, ¶ 10 (10th Dist.). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

{¶9} "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.*, citing *Dresher* at 292 and Civ.R. 56(E).

*Analysis*

{¶10} In this case, the trial court concluded that the Jordans' claims fail as a matter of law because they "failed to mitigate their damages and committed a material breach of the Policy." (Doc. No. 15). We will begin by addressing the trial court's conclusion that the Jordans' claims fail as a matter of law because they failed to mitigate their damages.

{¶11} "Failure to mitigate damages is an affirmative defense that is waived if it is not raised in a party's pleading." *Portage Community Bank v. Fazio*, 11th Dist. Portage No. 2016-P-0056, 2017-Ohio-5774, ¶ 22, citing *Windsor v. Riback*, 11th Dist. Geauga Nos. 2007-G-2775 and 2007-G-2781, 2008-Ohio-2005, ¶ 57. *See also Young v. Frank's Nursery & Crafts, Inc.*, 58 Ohio St.3d 242, 244 (1991). "The

burden of proving a failure to mitigate damages lies with the party asserting the defense." *Telecom Acquisition Corp. I v. Lucic Ents., Inc.*, 8th Dist. Cuyahoga No. 102119, 2016-Ohio-1466, ¶ 69, citing *Hines v. Riley*, 129 Ohio App.3d 379 (4th Dist.1998). "'Whether an injured party used reasonable care to avoid damages presents a question of fact.'" *PHH Mtge. Corp. v. Barker*, 3d Dist. Van Wert No. 15-19-01, 2019-Ohio-5301, ¶ 24, quoting *First Fin. Bank, N.A. v. Cooper*, 1st Dist. Hamilton No. C-150664, 2016-Ohio-3523, ¶ 23, citing *Pinnacle Mgt. v. Smith*, 12th Dist. Butler No. CA2003-12-327, 2004-Ohio-6928, ¶ 12.

**{¶12}** Here, United Ohio failed to raise the affirmative defense of the failure to mitigate damages in its answer. Accordingly, United Ohio waived the affirmative defense. *Accord Portage Community Bank* at ¶ 22. Thus, the trial court erred by concluding that the Jordans' claims fail as a matter of law because they failed to mitigate their damages.

**{¶13}** Having concluded that the trial court erred by concluding that the Jordans' claims fail as a matter of law because they failed to mitigate their damages, we will turn to the trial court's determination that the Jordans' claims fail because they committed a material breach of the policy. In order to determine whether the trial court erred by granting summary judgment in favor of United Ohio, we must interpret the terms of the insurance policy.

{¶14} "'An insurance policy is a contract whose interpretation is a matter of law.'" *Laboy v. Grange Indemn. Ins. Co.*, 144 Ohio St.3d 234, 2015-Ohio-3308, ¶ 8, quoting *Sharonville v. Am. Emp. Ins. Co.*, 109 Ohio St.3d 186, 2006-Ohio-2180, ¶ 6. "When interpreting an insurance policy, the fundamental goal is to ascertain the intent of the parties." *Kean v. Cincinnati Ins. Co.*, 10th Dist. Franklin No. 20AP-177, 2021-Ohio-490, ¶ 14, citing *Laboy* at ¶ 8. "The intent of the parties is ascertained by reading the policy in its entirety and settling 'upon a reasonable interpretation of any disputed terms in a manner designed to give the contract its intended effect.'" *Id.*, quoting *Laboy* at ¶ 8. "Ordinary words in a written contract must be 'given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument.'" *Nippon Life Ins. Co. of Am. v. One Source Mgt., Ltd.*, 6th Dist. Lucas No. L-10-1247, 2011-Ohio-2175, ¶ 22, quoting *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241 (1978), paragraph two of the syllabus.

{¶15} "'If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined.'" *Barhorst, Inc. v. Hanson Pipe & Prods. Ohio, Inc.*, 169 Ohio App.3d 778, 2006-Ohio-6858, ¶ 10 (3d Dist.), quoting *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.*, 15 Ohio St.3d 321, 322 (1984). In that case, we apply a de novo standard of review. *St. Marys v. Auglaize Cty. Bd. of Commrs.*, 115 Ohio St.3d 387, 2007-Ohio-

5026, ¶ 38, citing *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108 (1995).

{¶16} "The meaning of an ambiguous contract, however, is an issue of fact to be decided by the trier of fact." *Westlake v. VWS, Inc.*, 8th Dist. Cuyahoga No. 100180, 2014-Ohio-1833, ¶ 34, citing *Brown v. Columbus All-Breed Training Club*, 152 Ohio App.3d 567, 2003-Ohio-2057, ¶ 18 (10th Dist.). *See also Inland Refuse Transfer* at 322 ("However, if a term cannot be determined from the four corners of a contract, factual determination of intent or reasonableness may be necessary to supply the missing term."). "A contract is ambiguous if it is 'susceptible to more than one reasonable interpretation.'" *Westlake* at ¶ 34, quoting *Michael A. Gerard, Inc. v. Haffke*, 8th Dist. Cuyahoga No. 98488, 2013-Ohio-168, ¶ 11, citing *Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 52 Ohio St.3d 174, 177 (1990). *See also Mulchin v. ZZZ Anesthesia, Inc.*, 6th Dist. Erie No. E-05-045, 2006-Ohio-5773, ¶ 36 ("Contract language is ambiguous 'if it is unclear, indefinite, and reasonably subject to dual interpretations * * * .'"), quoting *Beverly v. Parilla*, 165 Ohio App.3d 802, 2006-Ohio-1286, ¶ 24 (7th Dist.). Because the intent of the parties becomes a question of fact when a court finds an ambiguity in the contract language, the trier of fact may rely on extrinsic evidence to ascertain such intent. *Mulchin* at ¶ 36, citing *Beverly* at ¶ 26.

{¶17} "[P]rovisions in an insurance contract that are reasonably susceptible of more than one interpretation will be construed liberally in favor of the insured." *Laboy*, 144 Ohio St.3d 234, 2015-Ohio-3308, at ¶ 9. "'This rule, however, will not be applied so as to provide an unreasonable interpretation of the words of the policy.'" *Id.*, quoting *Cincinnati Ins. Co. v. CPS Holdings, Inc.*, 115 Ohio St.3d 306, 2007-Ohio-4917 ¶ 8.

{¶18} The portions of the insurance policy at issue is as follows:

**Coverage D – Additional Living Expense and Loss of Rent Coverage**

* * *

**We** pay for the rent **you** lose if the part of the **insured premises** rented or held for rental to others is made unfit for use by a covered loss. **We** only pay for the period of time reasonably required to make the **insured premises** fit for use or until **your** household is permanently relocated, whichever is less. Loss of rent is the amount **you** would have received less the charges and expenses that do not continue while the **insured premises** is unfit for use. This period of time is not limited by the policy period.

**Our limit** each month for * * * Rent Coverage shall not exceed one-twelfth of the Coverage D **limit** shown in the **declarations**.[1]

* * *

**EXCLUSIONS**

* * *

---

[1] The Coverage D limit shown in the declarations is $18,200. (Doc. No. 2, Ex. A).

6.     **Neglect** – **We** do not pay for loss which results from neglect of an **insured** to use all reasonable means to save and preserve covered property at and after the time of a loss.

**WHAT YOU MUST DO IN CASE OF LOSS**

\* \* \*

4.     **Repairs** – The **insured** must take all reasonable steps to protect covered property at and after a covered loss to avoid further loss. **We** pay the reasonable costs incurred by **you** for necessary repairs or emergency measures performed solely to protect covered property from further damage by a peril insured against if a peril insured against has already caused a loss to covered property. The **insured** must keep an accurate record of such costs. This does not increase **our limit**.

(Emphasis sic.). (Doc. No. 2, Ex. A).

{¶19} We conclude that the trial court erred by concluding that the Jordans' claims fail as a matter of law because the Jordans committed a material breach of the policy by "fail[ing] to take 'all reasonable steps to protect [the] covered property at and after a covered loss to avoid further loss.'" (Doc. No. 15, quoting Doc. No. 2, Ex. A). This policy term, commonly interpreted as a neglect exclusion, applies "'to situations where no proper diligence was used by the insured at the time of, or following a fire, to save property from destruction.'" *Evergreen Recycle, L.L.C. v. Indiana Lumbermens Mut. Ins. Co.*, 51 Kan.App.2d 459, 491 (2015), quoting *Tuchman v. Aetna Cas. & Sur. Co.*, 44 Cal.App.4th 1607, 1615 (1996). In other words, the neglect-exclusion term of the policy can reasonably be interpreted to

mean that the Jordans must take reasonable steps to protect the *property* from suffering additional loss, not mitigate *all* damages covered by the insurance policy.

{¶20} Indeed, the policy specifically excludes neglect, which it defines as requiring the "insured to use all reasonable means to save and preserve covered property at and after the time of a loss." (Doc. No. 2, Ex. A). Later, the policy instructs the insured to "take all reasonable steps to protect covered property at and after a covered loss to avoid further loss." (*Id.*). That is, the action which must be taken to avoid a loss from being excluded from coverage due to neglect. Because there is no dispute whether the Jordans took reasonable steps to protect the property from further destruction, the trial court erred by concluding that the Jordans materially breached the policy. (Doc. No. 15, quoting Doc. No. 2, Ex. A).

{¶21} Turning to the lost-rent term of the policy, the trial court concluded that there is no genuine issue of material fact that United Ohio did not breach the policy because it "paid [the Jordans] the entirety of what they are owed under the Policy, including lost rents 'for the period of time reasonably required to make the insured premises fit for use,' which the [Jordans] have conceded is equal to $1,950." (*Id.*). On appeal, however, the Jordans argue that there is a genuine issue of material fact that United Ohio breached the policy by failing to meet its obligation under the policy to cover lost rental income, plus charges and expenses, that *continued* while the amount of the claim was being resolved and the insured premises were unfit for

use. Conversely, United Ohio contends that there is no genuine issue of material fact that it did not breach the policy because it "timely and fully paid [the Jordans] for three months' [sic] worth of lost rent * * * ." (Appellee's Brief at 9). Specifically, United Ohio argues that the policy clearly and unambiguously provided for the Jordans to "recover lost rents for the amount of time it takes to render the rental property fit for use, which [the Jordans] admitted was three months in the Settlement Request they filed with the Trial Court." (*Id.*).

{¶22} However, liberally construing the insurance policy in favor of the Jordans (as we must do), we conclude that the trial court erred by concluding that "United Ohio is entitled to judgment as a matter of law" because it "paid [the Jordans] the entirety of what they are owed under the Policy, including lost rents 'for the period of time *reasonably* required to make the insured premises fit for use,' * * * ." (Emphasis added.) (Doc. No. 15, quoiting Doc. No. 2, Ex. A). Specifically, we disagree with the limitation that the trial court placed on the word "reasonably," and conclude that the lost-rent term of the policy can *reasonably* be interpreted to include the period of time during which the parties disputed the appraisal. *See Laboy*, 144 Ohio St.3d 234, 2015-Ohio-3308, at ¶ 10 ("If a reasonable interpretation of the language exists, then we should give the agreement its intended legal effect."). *See also Riethmiller v. Bedford Cty. Grange Mut. Ins. Co.*, 52 Pa.D.&C.4th 190, 202 (2001) (Defendant's assertions that the dispute in the valuation of plaintiffs'

additional living expenses claim resulted from plaintiffs' frustration of defendant's investigation may prove to be correct.").

{¶23} Importantly, based on the specific facts and circumstances of this case the lost-rent term of the policy can reasonably be interpreted to include the period of time during which the parties disputed the appraisal. Specifically, the record reveals that the Jordans disagreed with United Ohio's preliminary valuation— initially United Ohio awarded the Jordans $17,530.10 on January 25, 2018 and awarded them an additional $1,230.11 on February 9, 2019 after it met with the Jordans to re-inspect the property. (Doc. No. 10, Exs. A at 15-16, B at 9, D, E). As a result, the Jordans followed the appraisal process prescribed by the policy and hired an appraiser who notified United Ohio on April 6, 2018 that the Jordans "were invoking the appraisal process * * * ." (Doc. No. 10, Ex. A at 15). The record reflects that the appraisal process was completed in August 2019 but that it was delayed because the parties' appraisers disagreed on the appointment of an umpire. (Doc. No. 10, Exs. A at 21, B at 10).

{¶24} Because the parties' appraisers disagreed on the appointment of an umpire, United Ohio filed a complaint in the trial court on December 31, 2018 to appoint an umpire. (Doc. No. 10, Ex. E). (*See also* Doc. No. 10, Ex. B at 10-11). The trial court did not appoint an umpire until March 1, 2019; however, that person declined the appointment on March 8, 2019. (Doc. No. 10, Ex. H). Accordingly,

the trial court appointed a second umpire April 16, 2019. (Doc. No. 10, Exs. D, H). The second umpire awarded the Jordans an appraisal award for $52,000 on August 13, 2019, which United Ohio promptly paid. (*Id.*). Gary testified that the repairs of the rental property commenced in November 2019 after the claim was settled in September 2019. (Doc. No. 10, Ex. A at 9-10). This increased-repair award assists in justifying the Jordans' refusal to agree with United Ohio's repair appraisals.

**{¶25}** Consequently, a genuine issue of material fact regarding the period of time that was reasonably required to make the premises fit for use remains. Therefore, the trial court erred by granting summary judgment in favor of United Ohio.

**{¶26}** For these reasons, the Jordans' assignment of error is sustained.

**{¶27}** Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**MILLER and SHAW, J.J., concur.**

**/jlr**

-14-